| | |
|---|---|
| In re: ) | |
| ) | |
| Kacee Ann DiTacchio, ) | Case No. 23-21511 |
| ) | Chapter 7 |
| Plaintiff. ) | |
| ) | |
| ) | |
| ) | |
| Kacee Ann DiTacchio, ) | |
| ) | |
| Plaintiff, ) | Adv. Pro. No. |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, [et al.], ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

Plaintiff, Kacee Ann DiTacchio, by and through, Malissa Walden, brings the following complaint and alleges as follows:

**I. NATURE OF CASE**

1. This is an action to declare the Plaintiff's student loan debt to Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

**II. JURISDICTION AND VENUE**

2. On 12/22/2023, Plaintiff filed a voluntary 7 bankruptcy proceeding, Case Number 23-21511.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

**III. PARTIES**

6. Plaintiff is a resident at 8210 W 59th Terrace, Merriam, Kansas.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

## IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately $144,120 from Defendant in order to finance Plaintiff's education. The current outstanding balance of the student loans is $112,054.00. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loans while attending University of Kansas where Plaintiff was pursuing a Bachelor's degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed the course of study and received a degree in 5/2001.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $1,202.25 for ten years in order to pay off the balance of the student loans.

13. Since repayment on the student loans began, the debtor has:
   a. Made approximately 316 payments on the loans, totaling approximately $119,640.00
   b. Received 21 cumulative forbearances & deferments totaling 559.8 months
   c. Applied for Income-Driven Repayment Plan
   d. Applied for a federal consolidation loan

14. Plaintiff is not currently employed.

15. Plaintiff's current monthly household income is $2,500.00. Plaintiff's current monthly household expenses, including payroll deductions, are $6,807.00.

## V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial

situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

18. Plaintiff is unable to make payments on student loans. After deducting Plaintiff's reasonable and necessary expenses from her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and her financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

21. Plaintiff and Spouse are both in the science field and lost positions during COVID and have been unable to find gainful employment since that time.

22. Plaintiff tried to start her own company; it has only had one client.

23. Last year they were forced to move back to Kansas and are living with family and through the monthly support of family income.

24. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ Malissa L. Walden
Malissa Walden, #21143
Walden & Pfannenstiel, LLC
11900 W 87th St Pkwy, Ste 125.
Lenexa, KS 66215
(913) 438-1112
MLWalden@WPLawPractice.com

**Exhibit #1**

**List of loans with current balances**

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT CONSOLIDATED UNSUBSIDIZED(DEPT OF ED/MOHELA) | $ 87,856.00 | $ 1,440.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT CONSOLIDATED SUBSIDIZED(DEPT OF ED/MOHELA) | $ 22,391.00 | $ 367.00 | BANKRUPTCY CLAIM, ACTIVE |