**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 9th day of September, 2024.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Kacee Ann DiTacchio, | Bk. Case No. 23-21511 |
| Debtor. | |
| Kacee Ann DiTacchio, | |
| Plaintiff, | |
| v. | Adversary Case No. 24-06007 |
| United States Department of Education | |
| Defendants. | |

### AGREED JUDGMENT

Now before the Court for its consideration is the Plaintiff Kacee Ann DiTacchio ("Plaintiff's") and Defendant the United States Department of Education's ("USDOE's") (hereinafter, together the "Parties'") Agreed Judgment, which contains the Parties' consent to judgment and agreed stipulations in this matter as fully set forth below. Being well informed in the premises and finding that the Parties consent to judgment, the Court finds as follows:

WHEREAS, on March 8, 2024, Plaintiff commenced the instant adversary proceeding by filing an Adversary Complaint. ("Complaint").

WHEREAS, as of April 20, 2024, Plaintiff owes $113,762 to USDOE, which represents the sum of the balance of outstanding principal and interest owed on Plaintiff's Direct Consolidation Loans, the student loans which are the subject of this adversary proceeding (collectively, the "Education-held Student Loans").

WHEREAS, the Education-Held Student Loans constitute student loans made to Plaintiff under a program funded in whole or in part by a federal government unit within the meaning of 11 U.S.C. § 523(a)(8).

WHEREAS, Plaintiff alleges that repayment of the Education-Held Student Loans would constitute an undue hardship; and

WHEREAS, in order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff should be entitled to a partial discharge of the Education-Held Student Loans pursuant to 11 U.S.C. § 523(a)(8) under the circumstances set forth below and that such other Education-Held Student Loans shall be non-dischargeable.

WHEREAS, the Parties, by agreement stipulate that:

1. Based upon facts and circumstances obtained through discovery and by Plaintiff's voluntary attestation provided to Education pursuant to the November 17, 2022, Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation, the Parties agree that a partial discharge of Plaintiff's Education-Held Student Loans may be made pursuant to 11 U.S.C. § 523(a)(8). The Parties stipulate to a partial discharge of $50,646.84 of Plaintiff's $113,762

indebtedness to USDOE, which is an amount corresponding with the portion of Plaintiff's consolidation loans that is derived from Plaintiff's educational pursuits. $63,115.16 of Plaintiff's $113,762 indebtedness to USDOE shall survive the bankruptcy, which is an amount corresponding with the portion of Plaintiff's consolidation loans that is derived from Parent Plus loans for the education of others.

    2.    Plaintiff will retain a total remaining Education-Held Student Loans balance of $63,115.16, calculated as of April 20, 2024, as non-dischargeable debt. Plaintiff's Education-Held Student Loans herein stipulated to as partially dischargeable and those loans stipulated to as non-dischargeable, are further described as follows:

    a.    Plaintiff's Education-Held Student Loan Debts are as follows:

        i.    NSLDS Loan Number 31 ("Loan 31"), a September 22, 2022, Direct Consolidated Unsubsidized loan, which bears outstanding balances of $87,856 in principal and $2,801 in interest, and

        ii.    NSLDS Loan Number 30 ("Loan 30"), a September 22, 2022, Direct Consolidated Subsidized loan, which bears outstanding balances of $22,391 in principal and $714 in interest.

    b.    Plaintiff will retain a balance of $40,010.16 in principal as non-dischargeable debt on Loan 31 and the remainder, including the interest, shall be discharged.

    c.    Loans 30 shall be non-dischargeable debt with no principal or interest discharged.

3. Calculations for the purposes of settlement were made on April 30, 2024, and the Parties stipulate and agree that interest may continue to accrue on and after April 30, 2024, as to the non-dischargeable loans or portion of partially dischargeable loans under the respective terms of the remaining Education-Held Student Loans.

4. Except as to partial discharge of Loan 31, this settlement does not modify or otherwise alter the Parties' obligations and agreements under the respective Notes to the remaining Education-Held Student Loans, including but not limited to Plaintiff's obligation and agreement to make consecutive, timely, monthly payments.

5. The failure of the USDOE or its contracted loan servicer to provide monthly reminder notices or receipt for payment shall not relieve Plaintiff of Plaintiff's obligation and agreement to make consecutive, timely, monthly payments.

6. Breach of this agreement is defined as a failure by Plaintiff/debtor to make any payment due on Plaintiff's remaining Education-Held Student Loans within sixty (60) days of the due date without securing USDOE's written agreement to forbearance of such payment(s). If Plaintiff fails to meet his obligation to make payments discussed above, Plaintiff shall be liable for the full remaining amount of the outstanding balance, pursuant to the applicable terms of the respective Notes to the remaining Education-Held Student Loans and that the United States may and shall be entitled to enforce and collect the full amount of the unpaid remaining Education-Held Student Loans, including accumulated interest, less any payments made to date, pursuant to the Federal Debt Collection Procedures Act and any other federal or state law, and to use any and all means of collection, including but not limited to wage garnishment, and offsets of federal tax

refunds and other federal payments and benefits due to Plaintiff, and execution of the judgment against any real or personal property, to which Plaintiff hereby consents.

7. The Parties' Agreed Judgment contains all the terms of the agreement between the Parties and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in herein, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to the Parties' stipulations must be in writing and must be signed and executed by the Parties.

8. The Parties to these stipulations represent and warrant that they have reviewed and understand their contents. The Parties to these stipulations further represent and warrant that each has the power to execute, deliver, and perform their obligations under the stipulations; that each has taken all necessary action to authorize the execution, delivery, and performance.

**IT IS THEREFORE ORDERED, ADJUSDGED AND DECREED** that the portion of Plaintiff's Education-Held Student Loans herein stipulated as dischargeable are discharged, and that the portion of Plaintiff's Education-Held Student Loans herein stipulated as non-dischargeable are decreed non-dischargeable.

**IT IS FURTH ORDERED** that the provisions of this Order manifesting the stipulated agreements between the Parties shall be binding upon and inure to the benefit of the Parties.

**IT IS ORDERED.**

# # #

APPROVED BY,

KATE E. BRUBACHER
United States Attorney
District of Kansas

*/s/ Steven W. Brookreson, II*
STEVEN W. BROOKRESON, II
Assistant United States Attorney
Ks. S.Ct. No. 28101
500 State Avenue Suite 360
Kansas City, KS 66101-2433
PH: 913-551-6730
FX: 913-551-6541
Email: steven.brookreson@usdoj.gov

*Attorneys for the United States of America*
and

*/s/ Malissa Walden*
Malissa Walden, #21143
Walden & Pfannenstiel, LLC
11900 W 87th St Pkwy, Ste 125.
Lenexa, KS 66215
(913) 438-1112
MLWalden@WPLawPractice.com

*Attorney for Plaintiff*